IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKE AVILA, TRUSTEE AND BRICKLAYERS OF INDIANA HEALTH AND WELFARE FUND AND PENSION FUND, <br><br>STEVE HUNTER, TRUSTEE, and BRICKLAYERS AND ALLIED CRAFTSMEN HEALTH & WELFARE FUND – TERRE HAUTE, ET. AL., <br><br>INTERNATIONAL PENSION FUND and IMI, <br><br>                Plaintiffs, <br><br>                v. <br><br>SEALED RITE, INC., an Indiana for profit domestic corporation, <br><br>                Defendant. | No. 1:13-cv-1527- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **SEALED RITE, INC.,** as follows:

## COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1143 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are MIKE AVILA, TRUSTEE AND BRICKLAYERS OF INDIANA HEALTH AND WELFARE FUND AND PENSION FUND,

STEVE HUNTER, TRUSTEE AND BRICKLAYERS AND ALLIED CRAFTSMEN HEALTH AND WELFARE FUND – TERRE HAUTE, ET. AL., INTERNATIONAL PENSION FUND AND IMI ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **SEALED RITE, INC. ("SEALED")** is an Indiana for profit domestic corporation and is doing business within this Court's jurisdiction.

(b)    **SEALED** is an employer engaged in an industry affecting commerce.

5.    Since May 10, 2005**, SEALED** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A", current International Masonry Panel Agreement attached).

6.    By virtue of certain provisions contained in the collective bargaining agreements, **SEALED** is bound by the Trust Agreement establishing the Funds.

7.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **SEALED** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all

necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. **SEALED** is also liable for late charges and interest on tardily submitted reports.

8. Plaintiffs are advised and believe that for **January 1, 2009 through September 30, 2012, SEALED** has failed to make payment of liquidated damages and interest due on tardily submitted report forms required to be paid to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes in the amount of **$168,314.24 to the Local Funds, $35,934.67 to the International Pension Fund, and $10,237.00 to International Fund outside of Indiana**.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered on any amounts found to be due on the audits.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C. **SEALED** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

        Respectfully submitted,

        MIKE AVILA, TRUSTEE AND
        BRICKLAYERS OF INDIANA HEALTH
        AND WELFARE FUND AND PENSION
        FUND AND INTERNATIONAL PENSION
        FUNDS, STEVE HUNTER, TRUSTEE,
        and BRICKLAYERS AND ALLIED
        CRAFTSMEN HEALTH & WELFARE
        FUND – TERRE HAUTE, ET. AL.


        By: s/Donald D. Schwartz
            One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415

4